WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gloria June Fernandez,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>    Defendant. | No. CV-15-01928-PHX-DLR<br><br>**ORDER** |

Plaintiff Gloria Fernandez seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security (Commissioner) denying her application for supplemental security income and disability insurance benefits. Because the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

**I. Background**

Fernandez is a 64 year-old female with an associate's degree. (A.R. 43.) She previously worked as a billing associate, nurse, and physician's assistant. She alleges disability based on high cholesterol, arthritis, herniated discs, sciatic nerve, depression, anxiety, gout, and high blood pressure. (*Id.* at 252.)

On July 16, 2012, Fernandez applied for disability insurance benefits and supplemental security income, alleging disability beginning March 1, 2012. (*Id.* at 11.) On December 3, 2013, she appeared with her attorney and testified at a hearing before the

ALJ. A vocational expert also testified.

On February 11, 2014, the ALJ issued a decision that Fernandez was not disabled within the meaning of the Social Security Act. The Appeals Counsel denied Fernandez's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On September 25, 2015, Fernandez sought review by this Court.

## II. Legal Standard

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III. Five-Step Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment.

§ 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Fernandez meets the insured status requirements of the Social Security Act through March 31, 2015, and that she has not engaged in substantial gainful activity since March 1, 2012. (A.R. 23.) At step two, the ALJ found that Fernandez has the following severe impairments: degenerative disc disease and spondylosis status post laminectomy and discectomy, obesity, and degenerative joint disease. (*Id.*) At step three, the ALJ determined that Fernandez does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 25.)

At step four, the ALJ found that Fernandez has the RFC to perform "the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." (*Id.* at 26.) Accordingly, given her RFC, the ALJ concluded that Fernandez is capable of performing her past work as a billing clerk and medical billing clerk. (*Id.* at 30.)

**IV. Analysis**

Fernandez argues the ALJ's decision should be overturned because the ALJ improperly (1) rejected the testimony of treating physician Dr. David Minor, and (2) discounted the credibility of her testimony regarding the severity of her symptoms. (Doc. 16 at 12, 16.) The Court will address each argument in turn.

**A.  The ALJ Did Not Err in Evaluating the Medical Source Evidence**

The ALJ is responsible for resolving conflicts in medical testimony. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.*  Likewise, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Id.* at 830.  As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31.

Dr. David Minor, D.O., has treated Fernandez for several years. (A.R. at 82.)  He completed three medical source statements regarding her functional capabilities.  The first form, dated August 16, 2012, states that Fernandez could occasionally lift less than ten pounds and that she would miss work once or twice per month. (*Id.* at 383.)  It noted that she could sit for six hours during the workday and stand or walk for one hour during the workday. (*Id.* at 382.)  Minor also opined that Fernandez would often experience interference with attention and concentration at work due to her mental impairments. (*Id.*)

The second form, dated April 22, 2013, states that Fernandez can lift ten pounds occasionally and less than ten pounds frequently due to "knee & back pain." (*Id.* at 511.)  It also states that Fernandez is able to walk or stand less than two hours per day due to "lumbar & knee pain [and] neuropathy." (*Id.* at 512.)  Further, Fernandez can sit for only four hours per day and can never climb, stoop, kneel, crouch, or balance. (*Id.* at 512-13.)

The third form, dated September 17, 2013, states that Fernandez cannot lift any weight in a work situation and would miss work three or four times a month. (*Id.* at 606.)

It further stated that she could sit for three hours per workday, walk or stand for one hour out of the workday, and that her mental impairments would cause frequent or constant interference with attention and concentration. (*Id.* at 605.)

The ALJ gave little weight to the opinions of Minor because they were not supported by the objective medical evidence in the record and were "inconsistent with the record as a whole." (*Id.* at 29.) Inconsistency with the medical record is a sufficient basis for discounting medical source evidence. *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). As the ALJ noted, Minor "primarily summarized" Fernandez's "subjective complaints, diagnoses, and treatment, but he did not provide objective clinical or diagnostic findings to support the functional assessment." (*Id.* at 29.) The statements merely cite "knee and back pain" without any supporting clinical findings. The ALJ also noted that Minor's medical source statements appear to suggest further deterioration of Fernandez's medical conditions, which contradicts the abundant medical evidence indicating otherwise. The evidence demonstrates that Fernandez's back pain improved after surgery and that her mental impairments were controlled with medication. Her surgeon believed the surgery to be a major success regarding her back pain. (*Id.* at 519.) In October 2012, a few months after surgery, progress notes indicated that Fernandez was "doing well," but that she "would like us to sign a form for disability so she could have her student loan payments waived." (*Id.* at 589.) The notes further state that "I told the patient that I cannot sign a form for permanent disability because I do not think she is disabled. She can hold a job and work." (*Id.*)

The Court finds the ALJ reasonably concluded that Minor's medical source statements were inconsistent with the objective medical evidence and properly afforded little weight to them. Accordingly, the Court finds the ALJ set forth specific and legitimate reasons supported by substantial evidence for discounting Dr. Minor's opinion. *See Lester*, 81 F.3d at 830.

**B. The ALJ Did Not Err in Evaluating Fernandez's Credibility**

Fernandez argues that the ALJ erred in evaluating the credibility of her testimony

regarding the severity of her symptoms. (Doc. 16 at 16.) In evaluating credibility, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

At the hearing, Fernandez testified that she had back surgery in July 2012. (A.R. 46.) She lives with her two sons and has a pitbull. (*Id.* at 54-55.) She has a driver's license and occasionally drives. (*Id.* at 56-57.) She frequently talks on the phone with her sister and a few friends. (*Id.* at 59.) Fernandez goes to the grocery store once a month and goes out to eat twice a month. (*Id.* at 60-61.) She handles her daily activities of living, including bathing, dressing, making breakfast and meals, doing the dishes, laundry, and occasional household chores. (*Id.* at 63-64.) She has a laptop on which she plays games, shops, takes online classes, and uses Facebook. (*Id.* at 64-65.) As a hobby, Fernandez does embroidery, and sometimes sells her work, but rarely embroiders for longer than thirty minutes at a time. (*Id.* at 65-66, 69.)

Fernandez further testified that she is unable to sit for longer than thirty minutes due to back pain. (*Id.* at 69-70.) She stated that she has left knee pain for which she takes medication. (*Id.* at 71-72.) She can only stand and walk for five to ten minutes at a time before her back starts hurting, which requires her to use a scooter when she goes grocery shopping. (*Id.* at 72-73.) After her surgery, she did not go to physical therapy as recommended by her doctor. (*Id.* at 74-75.) The surgery helped her back pain and the pain in her thigh. (*Id.* at 81.) She can lift one gallon of milk, but cannot lift two at the same time because "it hurts." (*Id.* at 76.)

1    Fernandez stated that she has anxiety, major depressive disorder, and bipolar
2 disorder.  (*Id.* at 77.)  Sometimes she gets upset and will "scream and holler" and "can't
3 bring [her]self back down." (*Id.*)  Medication, however, controls all the symptoms of
4 these disorders.  (*Id.* at 78.)

5    The ALJ found Fernandez's statements regarding the severity of her symptoms not
6 fully credible because they were inconsistent with the "relatively benign" medical
7 evidence and inconsistent with the relatively conservative treatment she received for her
8 conditions.  (*Id.* at 26, 27.)  An ALJ may discount a claimant's credibility if the
9 "statements at her hearing do not comport with objective evidence in her medical record."
10 *Bray*, 554 F.3d at 1227.  The ALJ stated that "[t]he claimant has not generally received
11 the type of medical treatment one would expect for a totally disabled individual and the
12 claimant's alleged loss of function is not supported by objective medical findings."  (*Id.*
13 at 27.)  The ALJ noted that Fernandez had back surgery in July 2012, which was
14 described as a "major success for [her] back pain."  (*Id.* at 519.)  Although her doctor
15 recommended physical therapy, Fernandez did not follow through.  (*Id.* at 74-75.)  For
16 pain, she takes over-the-counter medications.  (*Id.* at 451.)  In addition, the latest x-ray on
17 her knee was "unremarkable," and all of her other conditions were "under control" and
18 "medically stable."  (*Id.* at 521, 641.)

19    With respect to Fernandez's alleged mental impairments, the ALJ noted that
20 Fernandez stated that her symptoms are controlled with medication.  (*Id.* at 28.)  The
21 medical evidence confirms this, as over the course of several treatment visits it is noted
22 that she has "normal mood and affect," good insight and judgment, and all of her mental
23 status examinations were within normal limits.  (*Id.* at 386, 517, 619.)  In November
24 2013, Fernandez reported no depression and no anxiety.  (*Id.* at 611.)

25    The Court agrees with the ALJ's characterization of the medical evidence as
26 "relatively benign" in this case.  The evidence indicates that Fernandez's pain is managed
27 with mild medication and that her remaining medical conditions are stable.  In addition,
28 her mental impairments appear to have improved, and Fernandez admitted that they are

controlled with medication. The ALJ reasonably concluded that this evidence undermined Fernandez's testimony at the hearing, especially regarding her back pain and her "screaming and hollering." Accordingly, the Court finds the ALJ provided specific, clear, and convincing reasons for discounting Fernandez's credibility regarding the severity of her symptoms, and that those reasons are supported by substantial evidence. *Vasquez*, 572 F.3d at 591.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 13th day of October, 2016.

Douglas L. Rayes
United States District Judge